IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JACKSON COUNTY, MISSOURI, individually and on behalf of a class of others similarly situated,<br><br>                          Plaintiffs,<br><br>vs.<br><br>TRINITY INDUSTRIES, INC. and TRINITY HIGHWAY PRODUCTS, LLC,<br><br>                          Defendants. | No. _____ |

## NOTICE OF REMOVAL BY DEFENDANTS
## TRINITY INDUSTRIES, INC. AND TRINITY HIGHWAY PRODUCTS, LLC

PLEASE TAKE NOTICE that Defendants Trinity Industries, Inc. ("Trinity Industries") and Trinity Highway Products, LLC ("Trinity Highway") (collectively, "Trinity") hereby notice the removal of this civil action to the United States District Court for the Western District of Missouri from the Circuit Court of Jackson County, Missouri at Independence, pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b), and 1446. Trinity Industries and Trinity Highway are the only defendants in this action. Removal is proper because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs. In support thereof, Trinity asserts the following:

1. On November 5, 2015, Plaintiff Jackson County, Missouri ("Jackson County" or "Plaintiff"), individually and on behalf of a putative class of others similarly situated, filed its Class Action Petition (TI) ("Complaint") against Trinity in the Circuit Court of Jackson County, Missouri at Independence in the action captioned *Jackson County, Missouri v. Trinity Industries, Inc., et al.*, No. 1516-CV23684 (the "State Court Action").

6295286

1

2. Plaintiff alleges that the ET Plus System sold or supplied by Trinity and installed on Jackson County roadways is defective. Plaintiff brings claims for product liability-negligence, product liability-strict liability, negligently supplying dangerous instrumentality for supplier's business purpose, and declaratory judgment on behalf of itself and a proposed class of Missouri counties with populations of 10,000 or more persons as determined by the Missouri Census Data Center as of July 1, 2014, including the independent city of St. Louis, and the State of Missouri's transportation authority (collectively, the "Class Members"). Plaintiff seeks compensation for the costs and expenses associated with removing and replacing the ET Plus Systems on its roadways, in addition to pre- and post-judgment interest, costs, and reasonable attorneys' fees.

## Removal is Procedurally Proper

3. Removal is timely pursuant to 28 U.S.C. § 1446(b) because Trinity filed this Notice of Removal within thirty days of December 2, 2015, the date Trinity was served with the Summons and Complaint. *See* Exhibit A.

4. Venue is proper in this district under 28 U.S.C. § 1446(a) because the United States District Court for the Western District of Missouri embraces the place where the State Court Action has been pending, and Plaintiff alleges that a substantial part of the events giving rise to its claims occurred in this district.

5. As required by 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the State Court Action that have been served upon Trinity, including the Summons and Complaint, are attached as Exhibit A and are incorporated herein by reference.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal and a true and correct copy of this Notice of Removal will be provided to Plaintiff by and through its counsel of record.

7. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed promptly with the Clerk of the 16th Circuit Court of Jackson County, Missouri at Independence.

8. By filing this Notice of Removal, Trinity reserves all substantive and procedural claims, counterclaims and defenses, including but not limited to, defenses regarding service of process, venue, personal jurisdiction, statutes of limitations, and/or failure by Jackson County to state any claim upon which relief may be granted.

### Basis for Removal Under Diversity Jurisdiction Statute

9. The State Court Action is a civil action over which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441(b). Specifically, the State Court Action may be removed under the traditional diversity jurisdiction provision, 28 U.S.C. § 1332(a), because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over suits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. Both criteria are satisfied here.

**A.  Complete Diversity of Citizenship Exists Between the Parties**

11. The allegations in the Complaint establish that complete diversity of citizenship exists between all parties.

12. Jackson County is a county located in western Missouri that alleges that it is a body corporate and politic for the purposes of bringing or defending suit and operates its affairs from its principal place of business located at 415 E. 12th Street, Kansas City, Missouri 64105. Exh. A, Complaint ¶ 5. It is well settled that for purposes of diversity of citizenship, political subdivisions such as counties are citizens of their respective states. *See, e.g., Simms v. Nationstar Mortg., LLC*, No. 4:14-CV-243 CAS, 2014 WL 1515881, at *1 n.2 (E.D. Mo. Apr. 18, 2014) (finding that St. Louis County was a "body politic and corporate" with significant government powers and therefore a citizen of Missouri for federal diversity jurisdiction purposes); *see also* Mo. Const. Art. VI § 1 ("The existing counties are hereby recognized as legal subdivisions of the state."). Therefore, Jackson County is a citizen of Missouri for purposes of diversity of citizenship.[1]

13. As alleged in the Complaint, Trinity Industries was and is a corporation organized under the laws of Delaware with its principal place of business located at 2525 Stemmons Freeway in Dallas, Texas. Exh. A, Complaint ¶ 6; Declaration of Brian Smith ("Smith Decl.") ¶ 3 (Attached as Exhibit B). As also alleged in the Complaint, Trinity Highway was and is a limited liability company organized under the laws of Delaware with its principal place of business located at 2525 Stemmons Freeway in Dallas, Texas. Exh. A, Complaint ¶ 7; Exh. B, Smith Decl. ¶ 4. The only member of Trinity Highway is Trinity Industries, which as alleged

---

[1] Diversity jurisdiction in a class action depends solely on the citizenship of the named parties. *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (citing *Snyder v. Harris*, 394 U.S. 332, 340 (1969) ("[I]f one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant."). Therefore, the citizenship of Plaintiff's proposed class members is irrelevant to the question of whether diversity of citizenship exists here between the named parties.

4

6295286

above, is a citizen of Delaware and Texas. Exh. B, Smith Decl. ¶ 5. Therefore, both Defendants are citizens of the States of Delaware and Texas.

14. Thus, complete diversity of citizenship exists because this action is between citizens of different states.

B. **Amount in Controversy Exceeds $75,000**

15. The amount in controversy meets jurisdictional requirements for two independent reasons: (1) Plaintiff's requested compensatory damages to remove and replace ET Plus Systems in Jackson County will exceed $75,000; and (2) the alleged value of the declaratory relief to Plaintiff will exceed $75,000.

16. The Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Trinity therefore respectfully submits a "short and plain statement" in support of removal in accordance with Supreme Court precedent and applicable statutory law. *See* 28 U.S.C. § 1446(a); *see also Dart*, 135 S. Ct. at 553.

17. First, Plaintiff's alleged damages—though Defendants believe them to be wholly unsubstantiated and Plaintiff's claims to be without merit—exceed $75,000. Jackson County alleges that it has suffered compensatory damages *in excess of $25,000* but seeks the costs associated with the removal and replacement of all ET Plus Systems from roadways that it owns and maintains. Exh. A, Complaint at 16-19. It specifically alleges that the amount in controversy "taken solely in the limited context of evaluating federal diversity jurisdiction" is less than $75,000. *Id.* ¶ 12. However, Plaintiff's bald disclaimer of the amount in controversy being less than $75,000 is not controlling with respect to the Court's evaluation of subject matter

jurisdiction. *Ratermann v. Cellco P'ship*, No. 4:09 CV 126 DDN, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009) (citing *O'Keefe v. Midwest Transit, Inc.*, No. 4:06-cv-1060-DDN, 2006 WL 2672992, at *1 (E.D. Mo. Sept. 18, 2006) ("A court must consider the actual value of the claims at issue; it cannot simply rely on the values stated in the pleadings. 'Any amounts stated in the petition are not determinative, and the court must look to the substance of the claim to determine if federal jurisdiction is present.'").

18. The amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Jackson County covers approximately 604 square miles and has a population of approximately 683,191 people as of July 1, 2014.[2] Upon information and belief, the Jackson County Public Works Department is responsible for maintaining more than 425 miles of road in Jackson County.[3]

19. For Plaintiff Jackson County, Missouri, Defendant Trinity Highway's records reflect that since 2006, there have been (i) approximately 222 orders placed with Trinity Highway for sales of approximately 1,942 ET Plus extruder heads that included a purchaser with an address located in Jackson County, Missouri; (ii) approximately 169 orders placed with Trinity Highway for sales of approximately 1,319 ET Plus extruder heads that included a delivery address located in Jackson County, Missouri; and (iii) approximately 84 orders placed

---

[2] *See* Missouri Census Data Center, Population Estimates for Missouri and Across the U.S., http://mcdc.missouri.edu/trends/estimates.shtml (last visited Jan. 4, 2016) (providing a link to an Excel spreadsheet titled "Curmoests.xlsx" with the latest available population estimates for Missouri counties and places) (Attached as Exhibit C); United States Census Bureau, QuickFacts, Jackson County, Missouri, http://www.census.gov/quickfacts/table/PST045215/29095,00 (last visited Jan. 4, 2016) (Attached as Exhibit D).

[3] *See* Jackson County-Road Maintenance, http://www.jacksongov.org/content/9138/9150/9240/default.aspx (last visited Jan. 4, 2016) (Attached as Exhibit E).

6

6295286

with Trinity Highway for sales of approximately 725 ET Plus extruder heads that included Jackson County, Missouri in the "Project Information" for the order.[4] Exh. B, Smith Decl. ¶ 8.

20. Further, Defendant Trinity Highway's records reflect that since 2006, there have been (i) approximately 1,289 orders placed with Trinity Highway for sales of approximately 13,805 ET Plus extruder heads that included a delivery address in the State of Missouri; (ii) approximately 1,277 orders placed with Trinity Highway for sales of approximately 13,503 ET Plus extruder heads that included a purchaser with an address in the State of Missouri; and (iii) approximately 1,492 orders placed with Trinity Highway for sales of approximately 15,403 ET Plus extruder heads that included a "use state" of Missouri. *Id.* ¶ 7.

21. The average price of an energy-absorbing guardrail end terminal system including the ET Plus, or alternative end terminal systems such as the SoftStop, SKT, and X-LITE, broadly ranges from $1,000 to $1,700 per end terminal system. *Id.* ¶ 9. In addition to the price of the end terminal system, there are additional, varying time, labor, and material costs associated with the removal and replacement of an end terminal system. *Id.* ¶ 10.

22. At a minimum, the cost of replacing the 725 ET Plus System sales that note Jackson County, Missouri in the "Project Information" field with alternative end terminal systems will exceed $75,000, exclusive of interest and costs.

23. Second, the value of the declaratory relief sought exceeds $75,000. The Eighth Circuit requires courts to use an objective measure of plaintiff's claim, not plaintiff's subjective measure, in evaluating the value of declaratory relief for purposes of establishing the amount in

---

[4] Orders that satisfied more than one of these categories (i.e. an order by a purchaser with an address in Jackson County, Missouri that was also delivered to an address in Jackson County, Missouri) were counted in each of the applicable categories for purposes of the State of Missouri and Jackson County order numbers included herein.

controversy. *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1019 (8th Cir. 2010). Here, Plaintiff seeks a declaration that the ET Plus System is defective; that Jackson County and the Class Members shall be compensated by Trinity for their costs and expenses associated with removing and replacing the ET Plus Systems on their roadways throughout the State of Missouri; and that Jackson County and the Class Members shall be awarded their costs incurred in bringing and prosecuting this action, including their reasonable attorneys' fees.

24. The value to the Plaintiff of the requested declaratory relief undoubtedly exceeds $75,000. As stated above, Defendant Trinity Highway's records reflect that since 2006, there have been (i) approximately 1,289 orders placed with Trinity Highway for sales of approximately 13,805 ET Plus extruder heads that included a delivery address in the State of Missouri; (ii) approximately 1,277 orders placed with Trinity Highway for sales of approximately 13,503 ET Plus extruder heads that included a purchaser with an address in the State of Missouri; and (iii) approximately 1,492 orders placed with Trinity Highway for sales of approximately 15,403 ET Plus extruder heads that included a "use state" of Missouri. Exh. B, Smith Decl. ¶ 7. Given that the average cost of an alternative, replacement energy-absorbing end terminal system ranges from $1,000 to $1,700 (without adding in the necessary additional time, labor, and material costs associated with the removal and replacement of an end terminal system), the value to the Plaintiff of a declaration that requires removing and replacing all ET Plus Systems on the Missouri roads would far exceed $75,000. *See id* ¶ 9. Indeed, it would cost more than $75,000 to replace just 75 ET Plus Systems. *See id.*

## CONCLUSION

25. For the foregoing reasons, Trinity respectfully requests that the State Court Action pending in the Circuit Court of Jackson County, Missouri at Independence be removed to this Court.

Dated: January 4, 2016
St. Louis, Missouri

                                                Respectfully submitted,

                                                */s/ Mark A. Beatty*
                                                Mark A. Beatty, #6392372
                                                THOMPSON COBURN LLP
                                                One US Bank Plaza
                                                St. Louis, MO 63101
                                                Tel: (314) 552-6000
                                                Fax: (314) 552-7000
                                                mbeatty@thompsoncoburn.com

                                                -and-

                                                Michelle A. Reed (*pro hac vice* application pending)
                                                Elizabeth D. Scott (*pro hac vice* application pending)
                                                AKIN GUMP STRAUSS HAUER & FELD LLP
                                                1700 Pacific Avenue, Suite 4100
                                                Dallas, TX 75201
                                                Tel: (214) 969-2800
                                                Fax: (214) 969-4343
                                                mreed@akingump.com
                                                edscott@akingump.com

                                                *Counsel for Defendants Trinity Industries, Inc. and Trinity Highway Products, LLC*

6295286

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on January 4, 2016, the foregoing instrument was served via first class mail, postage prepaid, pursuant to the Federal Rules of Civil Procedure, on counsel for Plaintiff Jackson County, Missouri:

John J. Schirger
Matthew W. Lytle
Miller Schirger, LLC
4520 Main Street, Suite 1570
Kansas City, MO 64111

Tom Wagstaff, Jr.
Jack T. Hyde
Mallory Vandyke
Wagstaff & Cartmell LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112

/s/ *Mark A. Beatty*
Mark A. Beatty

6295286