# EXHIBIT A



Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print

GrantedPublicAccess Logoff ALLISONMANGER

## 1516-CV23684 - JACKSON COUNTY V TRINITY INDUSTRIES INC ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending    Display Options: All Entries

**12/04/2015** ☐ **Corporation Served**
Document ID - 15-CMDN-3335; Served To - TRINITY HIGHWAY PRODUCTS, LLC; Server - ; Served Date - 02-DEC-15; Served Time - 08:43:00; Service Type - Certified Mail; Reason Description - Served

☐ **Corporation Served**
Document ID - 15-CMDN-3334; Served To - TRINITY INDUSTRIES, INC.; Server - ; Served Date - 02-DEC-15; Served Time - 08:43:00; Service Type - Certified Mail; Reason Description - Served

**11/23/2015** ☐ **Certificate of Delivery**
Document ID: 15-CMDN-3335, for TRINITY HIGHWAY PRODUCTS, LLC.

☐ **Certificate of Delivery**
Document ID: 15-CMDN-3334, for TRINITY INDUSTRIES, INC..

☐ **Summons Issued-Reg/Cert Mail**
Document ID: 15-SMOS-1193, for TRINITY HIGHWAY PRODUCTS, LLC.

☐ **Summons Issued-Reg/Cert Mail**
Document ID: 15-SMOS-1192, for TRINITY INDUSTRIES, INC..

**11/20/2015** ☐ **Note to Clerk eFiling**
Filed By: THOMAS L WAGSTAFF

☐ **Supplemental Filing**
Notice of the Court re $20 Certified Mail Fee; Electronic Filing Certificate of Service.
Filed By: THOMAS L WAGSTAFF
On Behalf Of: JACKSON COUNTY, MISSOURI

☐ **Supplemental Filing**
TLW Ltr to Court re Issuance of Summons & Service Packet for Defendants; Electronic Filing Certificate of Service.
Filed By: THOMAS L WAGSTAFF

☐ **Correspondence Sent**
We need $20.00 for Certified Mail please. Deana 816-881-4430

**11/19/2015** ☐ **Note to Clerk eFiling**
Filed By: THOMAS L WAGSTAFF

☐ **Request Filed**
Plaintiff's Request for Summons; Electronic Filing Certificate of Service.
Filed By: THOMAS L WAGSTAFF
On Behalf Of: JACKSON COUNTY, MISSOURI

**11/10/2015** ☐ **Designation of Lead Attorney**
Designation of Lead Attorneys; Electronic Filing Certificate of Service.
Filed By: THOMAS L WAGSTAFF
On Behalf Of: JACKSON COUNTY, MISSOURI

**11/09/2015** ☐ **Case Mgmt Conf Scheduled**
            **Scheduled For:** 03/07/2016; 8:30 AM ; KENNETH R GARRETT III; Jackson - Independence

       ☐ **Judge Assigned**

**11/05/2015** ☐ **Filing Info Sheet eFiling**
            **Filed By:** JOHN J SCHIRGER

       ☐ **Pet Filed in Circuit Ct**
            Class Action Petition.
            **On Behalf Of:** JACKSON COUNTY, MISSOURI

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| JACKSON COUNTY, MISSOURI, individually and on behalf of a class of others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO.: _____ |
| | ) | |
| TRINITY INDUSTRIES, INC., and TRINITY HIGHWAY PRODUCTS, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

**CLASS ACTION PETITION (TI)**

Plaintiff, Jackson County, Missouri ("Plaintiff" or "Jackson County"), for its Petition against Defendants Trinity Industries, Inc. ("Trinity Industries"), and Trinity Highway Products, LLC ("Trinity Highway," and collectively with Trinity Industries "Defendants" or "Trinity"), states and alleges as follows:

**INTRODUCTION**

1.    This action seeks to redress harm to: Jackson County, Missouri; all Missouri counties with populations of 10,000 or more persons as determined by the Missouri Census Data Center as of July 1, 2014, including the independent city, the City of St. Louis; and the State of Missouri's transportation authority (collectively "Class Members"), caused by Trinity's design, manufacture, and sale of defective, unsafe, and unreasonably dangerous "modified ET-Plus" guardrail end terminals (as defined below).

2.    "Modified ET-Plus" end terminals have been installed on roadways owned and maintained by Jackson County and the Class Members throughout the State of Missouri.

3.    Because Jackson County and the Class Members own and maintain the roadways within their jurisdictions, they have a duty to make those roadways reasonably safe for public use.

4. The "modified ET-Plus" guardrail end terminal installed on roadways in Jackson County and throughout the State of Missouri is depicted in the below photographs.

 

**PARTIES**

5. Jackson County, Missouri, is a body corporate and politic for the purposes of bringing or defending suit, and operates its affairs from its principal place of business located at 415 E. 12th Street, Kansas City, Missouri 64105.

6. Trinity Industries, Inc., is a Delaware corporation with a principal place of business located at 2525 Stemmons Freeway, Dallas, Texas 75207, and can be served with process through its registered agent CT Corp. System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201. Trinity Industries owns and controls 100% of Trinity Highway Products, LLC. Trinity Industries actively participates in decision making for and control of the design, manufacture, and sale of guardrail end terminals like the "modified ET-Plus", as well as other roadway safety devices and products.

7. Trinity Highway Products, LLC, is a Delaware limited liability company with a principal place of business located at 2525 Stemmons Freeway, Dallas, Texas 75207, and can be served with process through its registered agent CT Corp. System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201. Trinity Highway actively participates in decision making for and

2

control of the design, manufacture, and sale of guardrail end terminals including the "modified ET-Plus", as well as other roadway safety devices and products.

8.    Trinity Industries and Trinity Highway are one in the same, or alternatively Trinity Highway is the alter-ego of Trinity Industries, in that on information and belief:

    a.    They share common ownership, officers, and directors;

    b.    They share the same principal place of business;

    c.    They use the same full time, part-time, and temporary employees in the conduct of their business;

    d.    They have commingled cash resources and financial operations; and

    e.    In further particulars currently unknown to Plaintiff, but which Plaintiff verily believes will be disclosed through the use of proper discovery procedures during the course of this litigation.

9.    At no time did Jackson County or the Class Members contract with Trinity for the purchase, installation, or maintenance of the "modified ET-Plus." Thus, the duties imposed on Trinity, as alleged herein, do not arise under contract.

## JURISDICTION AND VENUE

10.    This Court has personal jurisdiction over Defendants pursuant to § 506.500 R.S.Mo. in that Defendants transact business and have committed tortious acts within the State of Missouri.

11.    Venue is proper in this Court pursuant to § 508.010 R.S.Mo., because Plaintiff was first injured in Jackson County, Missouri.

12.    The amount in controversy, taken solely in the limited context of evaluating federal diversity jurisdiction under 28 U.S.C.A. § 1332(a), does not exceed the sum or value of $75,000, exclusive of interest and costs. Thus, there is no federal diversity jurisdiction pursuant to 28 U.S.C.A. § 1332(a).

3

Electronically Filed - Jackson - Independence - November 05, 2015 - 05:16 PM

13.     The number of proposed Class Members in the aggregate is less than 100, and thus there is no federal diversity jurisdiction pursuant to 28 U.S.C.A. § 1332(d).

14.     In addition, there is no federal question jurisdiction pursuant to 28 U.S.C.A. § 1331 in that Plaintiff's claims assert no federal question or federal statute violation, and therefore do not arise under federal law.

## FACTS COMMON TO ALL COUNTS

### *The Design and Reasonably Anticipated Use of Guardrail End Terminals*

15.     Guardrails and guardrail end terminals are different devices, and are purchased separately from each other.

16.     Guardrails are safety barriers intended to shield a motorist who has left the roadway.

17.     Guardrail end terminals are separate devices that are attached to guardrails to prevent or reduce the risk of injury or death to vehicle occupants and others in the event a vehicle collides with the end of the guardrail.

18.     In the event of a vehicle collision, the intended purpose of guardrail end terminals is to absorb the kinetic energy generated upon vehicular impact, while preventing spearing, piercing, vaulting, rollovers, and other unintended redirection of the vehicle.

19.     Guardrail end terminals decrease the force and severity of vehicle collisions by allowing the guardrail to extrude through the head of the end terminal and flatten out into a ribbon, thereby improving motorist and passenger safety, and thus reducing the risk of serious injury or death to a vehicle's occupants and others.

4

Electronically Filed - Jackson - Independence - November 05, 2015 - 05:16 PM

20. The "modified ET-Plus" is an end terminal mounted on guardrails and commonly seen on Missouri's roadways, that consists of three relevant components: (a) an impact plate; (b) an extruder chamber; and (c) a feeder channel or feeder chute.



21. As illustrated below, when a vehicle collides with a "modified ET-Plus," the following should occur: (a) the impact causes the guardrail to pass through the feeder channel or chute; (b) the guardrail then enters the extruder chamber through the extruder throat; (c) the guardrail passes through the extruder chamber where it is flattened; (d) the flattened guardrail then exits the extruder chamber through the exit gap; and (e) as it exits the extruder chamber, the flattened guardrail contacts a deflector that causes the extruded guardrail to ribbon and curl away from the vehicle and the roadway.



Electronically Filed - Jackson - Independence - November 05, 2015 - 05:16 PM



22.     Because a "modified ET-Plus's" proper function requires that the guardrail pass through the end terminal, the dimensions of the end terminal components are critical. Even the slightest change to the end terminal can negatively impact the end terminal's ability to function properly and safely for its reasonably anticipated use.

***Trinity Did Not Disclose Design Changes to the Original ET-Plus***

23.     In 1989, Trinity began manufacturing, marketing, and selling a guardrail end terminal system called the ET-2000. Prior to doing so, Trinity sought a determination that the ET-2000 was eligible for federal funding from the Federal Highway Administration ("FHWA"). Ultimately, the FHWA determined the ET-2000 was eligible for federal funds.

24.     After manufacturing, marketing, and selling the ET-2000 through the 1990's, Trinity redesigned the ET-2000 and rebranded it under the name "ET-Plus." As it did with the ET-2000, before Trinity manufactured, marketed, and sold the ET-Plus guardrail end terminal, Trinity submitted the ET-Plus to the FHWA for the purpose of obtaining a determination that the device was eligible for federal funding. In January 2000, the FHWA deemed the ET-Plus eligible for federal funds (the "original ET-Plus").

25.     After manufacturing, marketing, and selling the original ET-Plus, Trinity embarked upon changes to its design in the early 2000's. Sometime before December 31, 2005, in an effort

6

to save money, Trinity redesigned the original ET-Plus and modified certain of its critical dimensions (the "modified ET-Plus").

26.    Trinity made this change with no announcement, and neither sought nor received an FHWA eligibility determination of the modified ET-Plus. Trinity also chose not to disclose these modifications to other governmental entities, such as state, county, and municipal transportation authorities. These modifications remained a secret.

27.    Trinity subsequently manufactured and sold the modified ET-Plus. The modified ET-Plus devices sold by Trinity contained some or all of the critical dimensional changes detailed herein. Trinity gave no notice or other indications to the marketplace that the critical dimensions of the modified ET-Plus were different than those of the original ET-Plus design, as detailed herein. Instead Trinity actively concealed these changes.

***The Dimensions of the Original ET-Plus***

28.    The original ET-Plus had the following design dimensions:

**Original ET-Plus**

| Component | Dimension/Design |
|---|---|
| Exit Gap Width | 1.3 to 1.5 inches |
| Feeder Chute Width | 5 inches |
| Feeder Chute Assembly Height | |
| a. Exterior | 15 3/8 inches |
| b. Interior | 15 inches |
| Feeder Chute Assembly Length | 37 inches |
| Feeder Rails | Welded Flush to the Extruder Throat |

7

*The Dimensions of the Modified ET-Plus*

29.    Trinity modified the dimensions of the original ET-Plus as follows:

- Trinity narrowed the exit gap width from the approved 1.3 – 1.5 inches, to 1.0 inch;

- Trinity narrowed the width of the feeder chute from the approved 5 inches, to 4 inches;

- Trinity reduced the exterior dimensions of the feeder chute assembly height from the approved 15 3/8 inches to 14 7/8 inches;

- Trinity reduced the internal dimensions of the feeder chute assembly height from the approved 15 inches to 14 1/2 inches;

- Trinity shortened the feeder chute assembly length from the approved 37 inches to 36 1/4 inches; and

- Trinity inserted the feeder rails 0.75 inches into the extruder throat, as opposed to welding them flush to the extruder throat.

30.    As a result of Trinity's modifications to its design, the modified ET-Plus has some or all of the following critical dimensions, which are substantially different than the dimensions of the original ET-Plus:

## Modified ET-Plus

| Component | Dimension/Design |
|---|---|
| Exit Gap | 1.0 inch |
| Feeder Chute Width | 4 inches |
| Feeder Chute Assembly Height | |
|    a.  Exterior | 14 7/8 inches |
|    b.  Interior | 14 1/2 inches |
| Feeder Chute Assembly Length | 36 1/4 inches |
| Feeder Rails | Inserted 0.75 inches into the Extruder Throat |

8

*The Modified ET-Plus is Defective, Not Reasonably Safe, and Unreasonably Dangerous When Put to Its Reasonably Anticipated Use*

31.     The significant reduction in the modified ET-Plus's internal clearances resulting from Trinity's modifications cause the device to "throat lock," a malfunction in which the guardrail binds or "locks up" as it passes through the terminal head, which prevents proper extrusion and deflection.

32.     As illustrated below, the defective design of the modified ET-Plus prevents the guardrail from passing through the terminal head as intended. As a result, the modified ET-Plus does not absorb the impact of a collision, or deflect the guardrail. Instead of ribboning away from the vehicle, the guardrail spears or pierces the vehicle, or causes the vehicle to vault, rollover, or redirect in other unintended ways, thus resulting in serious injury or death to vehicle occupants and others.



9

Electronically Filed - Jackson - Independence - November 05, 2015 - 05:16 PM



33.     As a result of Trinity's design changes to the original ET-Plus, the modified ET-Plus is defective, unsafe, and unreasonably dangerous when put to its reasonably anticipated use. Malfunctions of the modified ET-Plus have caused serious injury and death on numerous occasions across the country, including within the State of Missouri.

34.     The modified ET-Plus is an inherently dangerous product that poses an increased risk of serious injury or death to vehicle occupants and others on roadways across the country and, specifically, within the State of Missouri. As a result of this increased risk, the modified ET-Plus has damaged other property, including without limitation roadways and guardrails throughout Jackson County and the State of Missouri.

35.     Roadways and guardrails throughout Jackson County and the State of Missouri are damaged in that, due to the defects in the modified ET-Plus, the guardrails and roadways themselves pose an increased risk of causing serious bodily harm.

36.     As a result of the defective, unsafe, and unreasonably dangerous condition of the modified ET-Plus, Jackson County and the Class Members have already removed and replaced some modified ET-Plus devices from roadways they maintain and must continue to remove and replace every modified ET-Plus that was installed on those roadways.

*Trinity Knew of the Design Defect but Continued to Manufacture and Sell the Modified ET-Plus*

37.     Prior to 2012, Trinity did not disclose any of the modifications to the critical dimensions of the original ET-Plus, as detailed above.

38.     In 2012, Trinity and its agents admitted to the FHWA that Trinity modified the dimensions of the original ET-Plus's feeder chute to a width of 4 inches from the original 5 inch width dimension. Trinity led the FHWA and others to believe that this was the only modification Trinity made to the critical dimensions of the original ET-Plus. But this was untrue. As detailed above, Trinity previously made other modifications to the original ET-Plus's critical dimensions, which it chose not to disclose to the FHWA and others, including state, county, and municipal transportation authorities.

39.     Trinity also chose not to disclose to the FHWA and others, including state, county, and municipal transportation authorities, that the modified ET-Plus had failed multiple performance tests.

40.     Trinity, therefore, manufactured and sold the modified ET-Plus knowing its design was defective, not reasonably safe, and unreasonably dangerous when put to its reasonably anticipated use.

11

## CLASS ACTION ALLEGATIONS

41.    Pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure, Jackson County brings this class action on behalf of itself and the following class of others similarly situated: all Missouri counties with populations of 10,000 or more persons as determined by the Missouri Census Data Center as of July 1, 2014, including the independent city, the City of St. Louis; and the State of Missouri's transportation authority (the "Class").

42.    Excluded from the Class are Defendants, including any parent, subsidiary, affiliate, or control persons of Defendants; Defendants' officers, directors, agents, or employees; and the judicial officers assigned to this litigation, and members of their staffs and immediate families.

43.    The proposed Class meets all requirements for class certification.

44.    The Class satisfies the numerosity requirement in that the Class consists of more than 40, but fewer than 100 members, all of whom are geographically dispersed throughout the State of Missouri, such that joinder of all Class Members in a single action is impracticable.

45.    There are questions of fact and law common to the Class which predominate over any questions affecting only individual Class Members.  The questions of fact and law common to the Class arising from Defendants' actions include, without limitation:

        a.    Whether Trinity designed the modified ET-Plus or, said differently, modified the critical design dimensions of the original ET-Plus;

        b.    Whether Trinity manufactured the modified ET-Plus;

        c.    Whether the modified ET-Plus was defectively designed;

        d.    Whether the modified ET-Plus was defectively manufactured;

        e.    Whether the modified ET-Plus is reasonably safe;

        f.    Whether Trinity failed to use ordinary care to design the modified ET-Plus to be reasonably safe;

    g.  Whether Trinity failed to use ordinary care to manufacture the modified ET-Plus to be reasonably safe;

    h.  Whether Trinity placed the modified ET-Plus into the market in an unreasonably safe condition;

    i.  Whether Trinity placed the modified ET-Plus into the market without adequate testing to determine if it operates in a reasonably safe manner;

    j.  Whether the modified ET-Plus poses a substantial risk of harm to the general public;

    k.  Whether, in the course of its business, Trinity sold the modified ET-Plus;

    l.  Whether the modified ET-Plus was in a defective condition unreasonably dangerous when put to its reasonably anticipated use at the time Trinity sold it;

    m.  Whether Jackson County and Class Members used the modified ET-Plus in a manner reasonably anticipated;

    n.  Whether Trinity knew at the time it sold the modified ET-Plus that the modified ET-Plus was defective, unsafe, and in an unreasonably dangerous condition;

    o.  Whether Trinity supplied the modified ET-Plus for use;

    p.  Whether the modified ET-Plus was dangerous when put to a reasonably expected use;

    q.  Whether Trinity knew, or in the exercise of ordinary care could have known, that the modified ET-Plus was defective and in a dangerous condition;

    r.  Whether Trinity failed to exercise ordinary care to make the modified ET-Pus reasonably safe; and

    s.  Whether Jackson County and Class Members have been damaged by Trinity's misconduct.

46.    The questions set forth above predominate over any questions affecting only individual Class Members, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of this controversy, because:

    a.  Separate adjudication of claims by individual Class Members could lead to inconsistent results, which would establish incompatible standards of conduct for Trinity;

13

b.  Separate actions by individual Class Members could impair the ability of other Class Members to adequately protect their interests;

c.  The financial burden on individual Class Members could make it impracticable for them to pursue their claims against Trinity individually; and

d.  Judicial economy would be served by the maintenance of this action as a class action to avoid numerous individual lawsuits filed by Class Members.

47.     No unusual difficulties are anticipated in the management of this case as a class action.

48.     The claims asserted by Jackson County are typical of the claims of each of the other Class Members because Missouri law applies to all claims asserted by the class, and all Class Members were similarly injured through the substantially uniform misconduct described above. The same action or inaction by Trinity giving rise to the causes of action asserted by Jackson County in this Petition are the same acts giving rise to all Class Members' rights of redress. Trinity holds no defense that is unique against Jackson County relative to the Class.

49.     Jackson County is an adequate representative of the proposed Class because its interests do not conflict with the interests of other Class Members it seeks to represent; it has retained counsel competent and experienced in complex product liability and class action litigation; and Jackson County and its counsel will prosecute this action vigorously. The Class interest will be fairly and adequately protected by Jackson County and its counsel.

50.     The action is maintainable as a class action because Trinity has acted on grounds generally applicable to the Class, thereby making final monetary, equitable, and declaratory relief appropriate to the Class as a whole.

14

## CAUSES OF ACTION

### COUNT I
### Product Liability - Negligence

51.    Jackson County incorporates and restates all preceding paragraphs of the Petition as though fully set forth herein.

52.    At all relevant times alleged herein, Trinity designed, manufactured, and sold or supplied the modified ET-Plus.

53.    Trinity's modified ET-Plus is defective and poses a safety hazard to the occupants of vehicles and others on public roadways across the country and, specifically, within the State of Missouri.

54.    At all relevant times alleged herein, Trinity had a duty to exercise ordinary care in designing, manufacturing, and selling or supplying the modified ET-Plus so as to be reasonably safe and not to injure Jackson County and the Class Members, or vehicle occupants and others on roadways throughout the State of Missouri.

55.    At all relevant times alleged herein, Trinity disregarded and breached its duty through, without limitation, one or more of the following acts or omissions:

   a.  Failing to design the modified ET-Plus to be reasonably safe;

   b.  Failing to manufacture the modified ET-Plus to be reasonably safe;

   c.  Placing the modified ET-Plus into the market in an unreasonably safe condition;

   d.  Placing the modified ET-Plus into the market without adequate testing to determine whether it operates in a reasonably safe manner; and

   e.  In further particulars currently unknown to Plaintiff, but which Plaintiff verily believes will be disclosed through the use of proper discovery procedures during the course of this litigation.

56.    As a direct and proximate result of one or more of Trinity's foregoing acts or omissions, a defective and not reasonably safe device, the modified ET-Plus, has been installed on

roadways that Jackson County and the Class Members own and maintain throughout the State of Missouri.

57.     As a direct and proximate result of one or more of Trinity's foregoing acts or omissions, Jackson County and the Class Members have been damaged in that they have already removed and replaced some of the modified ET-Plus devices from roadways that they own and maintain and must continue to remove and replace all modified ET-Plus devices installed on the roadways they own and maintain throughout the State of Missouri.

58.     As a direct and proximate result of one or more of Trinity's foregoing acts or omissions, the defective and not reasonably safe modified ET-Plus damages other property, including without limitation roadways and guardrails, and poses a substantial risk of harm to the general public.

**WHEREFORE**, Jackson County and the Class Members pray for judgment on Count I against Trinity for compensatory damages in such sums as are fair and reasonable in excess of $25,000, together with all pre and post judgment interest at the maximum rate allowed by law, along with their costs incurred herein, including, but not limited to, their reasonable attorneys' fees, as permitted by law.

### COUNT II
### Product Liability – Strict Liability

59.     Jackson County incorporates and restates all preceding paragraphs of the Petition as though fully set forth herein.

60.     At all relevant times alleged herein, Trinity sold the modified ET-Plus in the course of Trinity's business.

61.     At the time Trinity sold the modified ET-Plus, the modified ET-Plus was in a defective condition unreasonably dangerous when put to its reasonably anticipated use.

16

62.     Plaintiff and Class Members used the modified ET-Plus in a manner reasonably anticipated.

63.     As a direct and proximate result of the defective and unreasonably dangerous condition as existed when the modified ET-Plus was sold, Jackson County and the Class Members have been damaged in that they have already removed and replaced some of the modified ET-Plus devices from roadways that they own and maintain and must continue to remove and replace all modified ET-Plus devices installed on the roadways they own and maintain throughout the State of Missouri.

64.     As a direct and proximate result of the defective and unreasonably dangerous condition as existed when the modified ET-Plus was sold, the modified ET-Plus damages other property, including without limitation roadways and guardrails, and poses a substantial risk of harm to the general public.

**WHEREFORE**, Jackson County and the Class Members pray for judgment on Count II against Trinity for compensatory damages in such sums as are fair and reasonable in excess of $25,000, together with all pre and post judgment interest at the maximum rate allowed by law, along with their costs incurred herein, including, but not limited to, their reasonable attorneys' fees, as permitted by law.

## COUNT III
**Negligently Supplying Dangerous Instrumentality for Supplier's Business Purposes**

65.     Jackson County incorporates and restates all preceding paragraphs of the Petition as though fully set forth herein.

66.     At all relevant times alleged herein, Trinity supplied the modified ET-Plus for use.

67.     At all relevant times alleged herein, the modified ET-Plus was defective and was therefore dangerous when put to a reasonably expected use.

17

68.     At all relevant times alleged herein, Plaintiff and Class Members put the modified ET-Plus to a reasonably expected use.

69.     At all relevant times alleged herein, Trinity knew or in the exercise of ordinary care could have known that the modified ET-Plus was defective and in a dangerous condition.

70.     At all relevant times alleged herein, Trinity had a duty to exercise ordinary care to ensure the modified ET-Plus was reasonably safe when put to a reasonably expected use.

71.     At all relevant times alleged herein, Trinity failed to exercise ordinary care to make the modified ET-Plus reasonably safe.

72.     As a direct and proximate result of Trinity's failure to exercise ordinary care to make the modified ET-Plus reasonably safe, Jackson County and the Class Members have been damaged in that they have already removed and replaced some of the modified ET-Plus devices from roadways that they own and maintain and must continue to remove and replace all modified ET-Plus devices installed on the roadways that they own and maintain throughout the State of Missouri.

73.     As a direct and proximate result of Trinity's failure to exercise ordinary care to make the modified ET-Plus reasonably safe, the modified ET-Plus damages other property, including without limitation roadways and guardrails, and poses a substantial risk of harm to the general public.

**WHEREFORE**, Jackson County and the Class Members pray for judgment on Count III against Trinity for compensatory damages in such sums as are fair and reasonable in excess of $25,000, together with all pre and post judgment interest at the maximum rate allowed by law, along with their costs incurred herein, including, but not limited to, their reasonable attorneys' fees, as permitted by law.

**COUNT IV**
**(In the Alternative)**
**Declaratory Judgment**

74.     Jackson County incorporates and restates all preceding paragraphs of the Petition as though fully set forth herein.

75.     As a direct and proximate result of Trinity's conduct, the modified ET-Plus has been installed on roadways that Jackson County and the Class Members own and maintain throughout the State of Missouri.

76.     Because the modified ET-Plus is defective, not reasonably safe, and unreasonably dangerous, the modified ET-Plus must be removed and replaced.

77.     Jackson County and the Class Members are entitled to a declaration that Trinity's acts and omissions detailed above constitute violations of applicable state law, and request declaratory relief in the form of this Court's order declaring Trinity's conduct to be unlawful under Missouri law, and requiring Trinity to compensate Jackson County and the Class Members in the manner prayed for herein.

**WHEREFORE**, in the alternative to their above stated claims, Jackson County and the Class Members pray for a judgment against Trinity, declaring that:

a.  The modified ET-Plus is defective, not reasonably safe, and unreasonably dangerous;

b.  Trinity's conduct, as alleged herein, is unlawful under Missouri law;

c.  Jackson County and the Class Members shall be compensated by Trinity for their costs and expenses associated with removing and replacing the modified ET-Plus devices on their roadways throughout the State of Missouri; and

d.  Jackson County and the Class Members shall be awarded their costs incurred in bringing and prosecuting this action, including their reasonable attorneys' fees, as permitted by law.

## DEMAND FOR JURY TRIAL

Trial by jury is demanded on all issues so triable.

DATED this 5th day of November, 2015.

Respectfully submitted,

**MILLER SCHIRGER, LLC**

/s/ John J. Schirger

John J. Schirger     MO Bar #60583
Matthew W. Lytle     MO Bar #59145
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Telephone:    816-561-6500
Facsimile:    816-561-6501
E-mail:    jschirger@millerschirger.com
E-mail:    mlytle@millerschirger.com

- AND -

**WAGSTAFF & CARTMELL LLP**
Tom Wagstaff, Jr.    MO Bar #50237
Jack T. Hyde    MO Bar #63903
Mallory Vandyke    MO Bar #66110
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Telephone:    (816) 701-1100
Facsimile:    (816) 531-2372
E-mail:    t.l.wagstaff@wcllp.com
E-mail:    jhyde@wcllp.com
E-mail:    mvandyke@wcllp.com

ATTORNEYS FOR PLAINTIFF

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

**JACKSON COUNTY, MISSOURI,**

                **PLAINTIFF(S),**                      **CASE NO. 1516-CV23684**

**VS.**                                                   **DIVISION 2**

**TRINITY INDUSTRIES, INC.,**

                **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **KENNETH R GARRETT III** on **07-MAR-2016** in **DIVISION 2** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

    a.     A trial setting;

    b.     Expert Witness Disclosure Cutoff Date;

    c.     A schedule for the orderly preparation of the case for trial;

    d.     Any issues which require input or action by the Court;

    e.     The status of settlement negotiations.

Case 4:16-cv-00004-FJG   Document 1-1   Filed 01/04/16   Page 24 of 45

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **KENNETH R GARRETT III**
KENNETH R GARRETT III, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
JOHN J SCHIRGER, 4520 MAIN STREET SUITE 1570, KANSAS CITY, MO 64111

MATTHEW WILLIAM LYTLE, MILLLER SCHIRGER, 4520 MAIN STREET SUITE 1570, KANSAS CITY, MO 64111

THOMAS L WAGSTAFF, WAGSTAFF & CARTMELL LLP, 4740 GRAND AVENUE, SUITE 300, KANSAS CITY, MO 64112

JACK THOMAS HYDE, WAGSTAFF & CARTMELL LLP, 4740 GRAND AVENUE, SUITE 300, KANSAS CITY, MO 64112

MALLORY NEMMERS, WAGSTAFF & CARTMELL LLP, 4740 GRAND AVENUE, SUITE 300, KANSAS CITY, MO 64112

<u>Defendant(s):</u>
TRINITY INDUSTRIES, INC.
TRINITY HIGHWAY PRODUCTS, LLC

Dated:  09-NOV-2015                              **Jeffrey A. Eisenbeis**
                                                 Court Administrator

Case 4:16-cv-00004-FJG   Document 1-1   Filed 01/04/16   Page 26 of 45

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | | |
|---|---|---|
| JACKSON COUNTY, MISSOURI, individually and on behalf of a class of others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 1516-CV23684 |
| vs. | ) ) | |
| TRINITY INDUSTRIES, INC., and TRINITY HIGHWAY PRODUCTS, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

<u>DESIGNATION OF LEAD ATTORNEYS</u>

**COMES NOW** Plaintiff Jackson County, Missouri, and pursuant to Rule 3.5 of the

Circuit Court of Jackson County, Missouri hereby designates Tom Wagstaff, Jr. and John J.

Schirger as co-lead attorneys for this Plaintiff in this cause.

Respectfully submitted,

**MILLER SCHIRGER, LLC**

John J. Schirger   MO Bar #60583
Matthew W. Lytle   MO Bar #59145
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Telephone:  (816) 561-6500
Facsimile:  (816) 561-6501
E-mail:   jschirger@millerschirger.com
E-mail:   mlytle@millerschirger.com
E-mail:   jfeierabend@millerschirger.com
E-mail:   thausner@millerschirger.com

*– AND –*

1

Electronically Filed - Jackson - Independence - November 10, 2015 - 04:26 PM

**WAGSTAFF & CARTMELL LLP**

Tom Wagstaff, Jr.       MO Bar #50237
Jack T. Hyde           MO Bar #63903
Mallory A. Vandyke     MO Bar #66110
4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112
Telephone:     (816) 701-1100
Facsimile:      (816) 531-2372
E-mail:         t.l.wagstaff@wcllp.com
E-mail:         jhyde@wcllp.com
E-mail:         mvandyke@wcllp.com

*ATTORNEYS FOR PLAINTIFF*

Electronically Filed - Jackson - Independence - November 19, 2015 - 04:50 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | |
|---|---|
| JACKSON COUNTY, MISSOURI,<br>individually and on behalf of a class of<br>others similarly situated, | )<br>)<br>) |
| | ) |
| Plaintiff, | ) |
| | )  Case No. 1516-CV23684 |
| vs. | ) |
| | ) |
| TRINITY INDUSTRIES, INC., and | ) |
| TRINITY HIGHWAY PRODUCTS, | ) |
| LLC, | ) |
| | ) |
| Defendants. | ) |

## REQUEST FOR SUMMONS

**COMES NOW** Plaintiff Jackson County, Missouri, and requests a summons be issued

for both Trinity Industries, Inc. and Trinity Highway Products, LLC, with attention to Jared S.

Richardson at 2525 Stemmons Freeway, Dallas, Texas 75207.

Plaintiff's counsel will be serving both Defendants Trinity Industries, Inc. and Trinity

Highway Products, LLC through certified mail, return receipt requested.

Respectfully submitted,

**MILLER SCHIRGER, LLC**

John J. Schirger                     MO Bar #60583
Matthew W. Lytle                 MO Bar #59145
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Telephone:        (816) 561-6500
Facsimile:         (816) 561-6501
E-mail:             jschirger@millerschirger.com
E-mail:             mlytle@millerschirger.com

1

Electronically Filed - Jackson - Independence - November 19, 2015 - 04:50 PM

*- AND –*

**WAGSTAFF & CARTMELL LLP**

| | |
|---|---|
| Tom Wagstaff, Jr. | MO Bar #50237 |
| Jack T. Hyde | MO Bar #63903 |
| Mallory A. Vandyke | MO Bar #66110 |

4740 Grand Avenue, Suite 300
Kansas City, Missouri 64112

| | |
|---|---|
| Telephone: | (816) 701-1100 |
| Facsimile: | (816) 531-2372 |
| E-mail: | t.l.wagstaff@wcllp.com |
| E-mail: | jhyde@wcllp.com |
| E-mail: | mvandyke@wcllp.com |

*ATTORNEYS FOR PLAINTIFF*

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☐ AT KANSAS CITY  ☒ AT INDEPENDENCE

RE:   JACKSON COUNTY V TRINITY INDUSTRIES INC ET AL
CASE NO:   1516-CV23684

TO:   JOHN J SCHIRGER
      4520 MAIN STREET SUITE 1570
      KANSAS CITY, MO  64111

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on _11-19-2015_____. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:   Please submit $20.00 for Certified Mail, thank you. Deana 816-881-4430**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost.  Collection efforts will be pursued for these costs.**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed NOVEMBER 20, 2015 to:
COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

_____NOVEMBER 20, 2015_____      By _____
                Date

                                              Deputy Court Administrator
                                              ☒ 308 W. Kansas, Independence, Missouri 64050

LAW OFFICES

# WAGSTAFF & CARTMELL LLP

THOMAS W. WAGSTAFF
THOMAS P. CARTMELL
MARC K. ERICKSON
JONATHAN P. KIEFFER
THOMAS L. WAGSTAFF**
ERIC D. BARTON***
BRIAN J. MADDEN
JEFFREY M. KUNTZ
THOMAS J. PREUSS
THOMAS A. ROTTINGHAUS
TYLER W. HUDSON****
BRANDON D. HENRY
DIANE K. WATKINS***
SARAH B. RUANE
CHRISTOPHER L. SCHNIEDERS ††

4740 GRAND AVENUE · SUITE 300
KANSAS CITY, MISSOURI 64112

(816) 701-1100

FAX (816) 531-2372

ADMITTED IN MISSOURI AND KANSAS
* ADMITTED IN MISSOURI
† ADMITTED IN KANSAS
** ADMITTED IN MISSOURI, KANSAS AND ARKANSAS
*** ADMITTED IN MISSOURI, KANSAS AND COLORADO
**** ADMITTED IN MISSOURI, KANSAS AND THE DISTRICT OF COLUMBIA
†† ADMITTED IN MISSOURI, KANSAS AND ILLINOIS
††† ADMITTED IN MISSOURI, KANSAS AND UTAH
† OF COUNSEL

JOHN P. O'CONNOR ♦
P.J. O'CONNOR ♦
DAVID C. DeGREEFF
DIANA L. BECKMAN
VANESSA H. GROSS
ADAM S. DAVIS
JACK T. HYDE
DAVID P. BARCLAY
JOAN D. TOOMEY
ANDREW N. FAES*
NATHANIEL M. JONES*
MALLORY A. NEMMERS

SCOTT M. CROCKETT*
PHILLIP P. ASHLEY*†
DARYL J. DOUGLAS*†

Direct Dial: 816-701-1105

November 20, 2015

Court Administrator's Office
Department of Civil Records
Circuit Court of Jackson County, Missouri
308 W. Kansas
Independence, Missouri 64050

Re: **Jackson County, Missouri v. Trinity Industries, Inc., and Trinity
Highway Products, LLC – Case No. 1516-CV23684**

Dear Sir/Madam:

We are hereby submitting payment of $20.00, and request that a summons be issued, and
together with the service packet, be sent to Jared S. Richardson, 2525 Stemmons Freeway,
Dallas, Texas 75207, via certified mail, return receipt requested, for both Trinity Industries, Inc.,
and Trinity Highway Products, LLC.

As always, should you have any questions or concerns, please contact Mallory A.
Vandyke at 816-701-1125. Thank you in advance for your assistance in this matter.

Very truly yours,

Tom Wagstaff, Jr.

TW/dml
Electronically filed – payment via credit card

Electronically Filed - Jackson - Independence - November 20, 2015 - 04:46 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☐ AT KANSAS CITY ☒ AT INDEPENDENCE

**RE: JACKSON COUNTY V TRINITY INDUSTRIES INC ET AL**
**CASE NO: 1516-CV23684**

**TO: JOHN J SCHIRGER**
**4520 MAIN STREET SUITE 1570**
**KANSAS CITY, MO 64111**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on __11-19-2015_____. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER: Please submit $20.00 for Certified Mail, thank you. Deana 816-881-4430**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost. Collection efforts will be pursued for these costs.**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed NOVEMBER 20, 2015 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

__NOVEMBER 20, 2015__     By _____
Date

Deputy Court Administrator
☒ 308 W. Kansas, Independence, Missouri 64050

Case 4:16-cv-00004-FJG   Document 1-1   Filed 01/04/16   Page 33 of 45



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>KENNETH R GARRETT III | Case Number: 1516-CV23684 |
|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN J SCHIRGER<br>4520 MAIN STREET SUITE 1570<br>KANSAS CITY, MO 64111 |
| Defendant/Respondent:<br>TRINITY INDUSTRIES, INC.<br>Nature of Suit:<br>CC Other Tort | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **TRINITY INDUSTRIES, INC.**
        **Alias:**
**ATTEN: JARED S RICHARDSON**
**2525 STEMMONS FREEWAY**
**DALLAS, TX 75207**

    You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

            23-NOV-2015
              Date                           Clerk

Further Information:

## Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
  ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
  ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent

Case 4:16-cv-00004-FJG Document 1-1 Filed 01/04/16 Page 34 of 45

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (7-04) SM60 (JAKSMOS) *For Court Use Only:* Document ID# **15-SMOS-1192** 2 of 2    **(1516-CV23684)**      Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:16-cv-00004-FJG    Document 1-1    Filed 01/04/16    Page 35 of 45

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

 **IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>KENNETH R GARRETT III | **Case Number: 1516-CV23684** | |
|---|---|---|
| Plaintiff/Petitioner:<br>JACKSON COUNTY, MISSOURI<br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOHN J SCHIRGER<br>4520 MAIN STREET SUITE 1570<br>KANSAS CITY, MO 64111 | |
| Defendant/Respondent:<br>TRINITY INDUSTRIES, INC.<br>Nature of Suit:<br>CC Other Tort | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **TRINITY HIGHWAY PRODUCTS, LLC**
Alias:
**ATTEN: JARED S RICHARDSON**
**2525 STEMMONS FREEWAY**
**DALLAS, TX 75207**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

23-NOV-2015
Date                                    Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
      _____ (name) _____ (title).
   ☐ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)    ☐ the clerk of the court of which affiant is an officer.
                     ☐ the judge of the court of which affiant is an officer.
*(Seal)*              ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                        (use for out-of-state officer)
                     ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (7-04) SM60 (JAKSMOS) *For Court Use Only:* Document ID# 15-SMOS-1193  2 of 2     (1516-CV23684)                    Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

Case 4:16-cv-00004-FJG   Document 1-1   Filed 01/04/16   Page 38 of 45

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| Judge or Division: KENNETH R GARRETT III | Case Number: 1516-CV23684 | |
|---|---|---|
| Petitioner(s): JACKSON COUNTY, MISSOURI<br><br>vs. | | (Date File Stamp) |
| Respondent(s): TRINITY INDUSTRIES, INC. | | |

## Certificate of Mailing/Delivery/Delivery of Notice of Appeal/Registered/Certified Return Receipt

☒ The undersigned certified that copy of SUMMONS, PETITION was mailed on this day by U.S. ☐ regular   ☒ certified   ☐ registered mail, postage prepaid, to the following person(s) at the stated address(es):

9214 8901 0661 5400 0074 5999 94

TRINITY INDUSTRIES, INC.
ATTEN: JARED S RICHARDSON 2525 STEMMONS FREEWAY
DALLAS, TX 75207

☐ The undersigned certifies that a:
  ☐ Copy of Rule 24.035 Motion was delivered to Court Reporter-Division _____
  ☐ Copy of Rule 24.035 or Rule 29.15 Motion to vacate, Set Aside, or Correct Judgment or Sentence
  ☐ Copy of Application for hardship driving Privileges, SR22 Form and Five year Driving Record.
  ☐ Copy of Application for Hearing under Section 577.041 RSMo on Refusal to Submit to Chemical Test
  ☐ Copy for Petition for Review
  ☐
  Filed in the above cause was delivered on this day to the Prosecuting Attorney's Office.

☐ I certify that I personally delivered a copy of the Notice of Appeal filed in the above entitled cause to:
  ☐ Missouri Court of Appeals          ☐ Prosecuting Attorney's Office
    Western District                  415 East 12th Street, 7M
    Kansas City, Missouri 64106        Kansas City, Missouri 64106

☐ The undersigned certifies that _____
was hand delivered to the Missouri Court of Appeals, Western district, on this date.

☐ Attach return receipt with Registered/certified number.

**COURT SEAL OF**

**JACKSON COUNTY**

November 23, 2015

Date

_Dacua Thomas_

Clerk

I hereby acknowledge receiving the aforesaid copy of the Notice of Appeal filed in said cause.

_____
Date

By _____

☐ Prosecutor's Office
☐ Missouri Court of Appeals

_For Court Use Only_: Document ID# 15-CMDN-3334

Case 4:16-cv-00004-FJG   Document 1-1   Filed 01/04/16   Page 40 of 45



# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

| Judge or Division: KENNETH R GARRETT III | Case Number: 1516-CV23684 | |
|---|---|---|
| Petitioner(s): JACKSON COUNTY, MISSOURI<br><br>vs. | | (Date File Stamp) |
| Respondent(s): TRINITY INDUSTRIES, INC. | | |

## Certificate of Mailing/Delivery/Delivery of Notice of
## Appeal/Registered/Certified Return Receipt

☒ The undersigned certified that copy of SUMMONS, PETITION
was mailed on this day by U.S. ☐ regular   ☒ certified   ☐ registered mail, postage prepaid, to the following
person(s) at the stated address(es):
            9214 8901 0661 5400 0074 6005 60
TRINITY HIGHWAY PRODUCTS, LLC
ATTEN: JARED S RICHARDSON 2525 STEMMONS FREEWAY
DALLAS, TX 75207

☐ The undersigned certifies that a:
  ☐ Copy of Rule 24.035 Motion was delivered to Court Reporter-Division _____
  ☐ Copy of Rule 24.035 or Rule 29.15 Motion to vacate, Set Aside, or Correct Judgment or Sentence
  ☐ Copy of Application for hardship driving Privileges, SR22 Form and Five year Driving Record.
  ☐ Copy of Application for Hearing under Section 577.041 RSMo on Refusal to Submit to Chemical Test
  ☐ Copy for Petition for Review
  ☐ _____
  Filed in the above cause was delivered on this day to the Prosecuting Attorney's Office.

☐ I certify that I personally delivered a copy of the Notice of Appeal filed in the above entitled cause to:
  ☐ Missouri Court of Appeals              ☐ Prosecuting Attorney's Office
     Western District                         415 East 12th Street, 7M
     Kansas City, Missouri 64106              Kansas City, Missouri 64106

☐ The undersigned certifies that _____
  was hand delivered to the Missouri Court of Appeals, Western district, on this date.

☐ Attach return receipt with Registered/certified number.

*COURT SEAL OF*

*JACKSON COUNTY*

November 23, 2015

_____            _____
Date                                    Clerk

I hereby acknowledge receiving the aforesaid copy of the Notice of Appeal filed in said cause.

                                      By _____
_____                   ☐ Prosecutor's Office
Date                                         ☐ Missouri Court of Appeals

*For Court Use Only*: Document ID# 15-CMDN-3335

16th CIRCT 1 (10-98)                        1 of 1

DEPT OF CIVIL RECORD
JACKSON COUNTY CIRCUIT COURT
308 W KANSAS AVE STE 224
INDEPENDENCE, MO 64050-3725



**Return Receipt (Electronic)**

9214 8901 0661 5400 0074 5999 94

**1516-CV23684**

JARED S RICHARDSON
TRINITY INDUSTRIES INC
2525 N STEMMONS FWY
DALLAS, TX 75207-2400

 **UNITED STATES POSTAL SERVICE.**

Date: December 2, 2015

MAIL MAIL:

The following is in response to your December 2, 2015 request for delivery information
on your Certified Mail™/RRE item number 92148901066154000074599994. The
delivery record shows that this item was delivered on December 2, 2015 at 8:43 am in
DALLAS, TX 75247. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the
United States Postal Service. It is solely for customer use.

1516-CV23684
JARED S RICHARDSON
TRINITY INDUSTRIES INC
2525 N STEMMONS FWY
DALLAS TX 75207-2400

DEPT OF CIVIL RECORD
JACKSON COUNTY CIRCUIT COURT
308 W KANSAS AVE STE 224
INDEPENDENCE MO 64050-3725



**Return Receipt (Electronic)**

9214 8901 0661 5400 0074 6005 60

1516-CV23684

JARED S RICHARDSON
TRINITY HIGHWAY PRODUCTS LLC
2525 N STEMMONS FWY
DALLAS, TX 75207-2401



**UNITED STATES**
**POSTAL SERVICE**

Date: December 2, 2015

MAIL MAIL:

The following is in response to your December 2, 2015 request for delivery information on your Certified Mail™/RRE item number 9214890106615400074600560. The delivery record shows that this item was delivered on December 2, 2015 at 8:43 am in DALLAS, TX 75247. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

1516-CV23684
JARED S RICHARDSON
TRINITY HIGHWAY PRODUCTS LLC
2525 N STEMMONS FWY
DALLAS TX 75207-2401