# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JACKSON COUNTY, MISSOURI,<br>individually and on behalf of a class of<br>others similarly situated,<br><br>Plaintiff,<br>v.<br><br>TRINITY INDUSTRIES, INC., and<br>TRINITY HIGHWAY PRODUCTS, LLC,<br><br>Defendants. | No. 16-CV-0004-W-FJG |

## ORDER

Currently pending before the Court is plaintiff's Motion to Remand (Doc. No. 11). As an initial matter, defendants' request for oral argument (see Doc. No. 24, p. 14) is denied.

**I.     BACKGROUND**

In plaintiff's Class Action Petition ("Petition"), plaintiff alleges that defendants manufacture, market, and sell guardrail end terminal systems. Doc. No. 1-1, ¶¶ 23-27. Plaintiff alleges that defendants redesigned and modified certain dimensions of guardrail end terminal systems sold to plaintiff without giving any notice of those modifications to plaintiff. Id. ¶ 27. Plaintiff asserts that after inspection in January 2015, it discovered 20 guardrail end terminals that had 4-inch wide feeder chutes instead of 5-inch wide feeder chutes. Doc. No. 12, Ex. 1, ¶¶ 4-5. After making this discovery, plaintiff made the decision to replace the 20 4-inch wide feeder chutes, at a cost of $3,500 per unit (for a total cost of $70,000). Doc. No. 12, Ex. 1, ¶¶ 7-8, 11.

On November 5, 2015, plaintiff filed the Petition in state court. In that petition,

plaintiff asserts four claims: (1) product liability – negligence; (2) product liability – strict liability; (3) negligently supplying dangerous instrumentality for supplier's business purposes; and, in the alternative (4) declaratory judgment. Doc. No. 1-1, ¶¶ 51-77. Plaintiff seeks compensatory damages related to the costs of removing and replacing the ET Plus Systems on the roads that it owns and maintains. Id. ¶¶ 57, 63, 72, 77. Plaintiff also alleges "damages [to] other property, including without limitation roadways and guardrails." Id. ¶¶ 58, 64, 73. Notably, plaintiff pled in its petition that "[t]he amount in controversy, taken solely in the limited context of evaluating federal diversity jurisdiction under 28 U.S.C.A. § 1332(a), does not exceed the sum or value of $75,000, exclusive of interest and costs." Doc. No. 1-1, ¶12.

On January 4, 2016, defendants removed the case to this Court, asserting that the matter is between citizens of different states and the amount in controversy exceeds $75,000.[1] Plaintiff filed the pending motion to remand on January 22, 2016. On January 29, 2016, plaintiff filed the Supplemental Declaration of Earl Newill (Doc. No. 13-1), indicating that (1) Newill is authorized to make this Declaration on behalf of plaintiff Jackson County; (2) the total cost incurred by Jackson County for removing and replacing the guardrail end terminals was $70,000, and no additional work remains to be performed; and (3) "[i]n this lawsuit, Jackson County does not and shall not seek, nor will it accept, more than the $70,000 it incurred to remove and replace the ET-Plus guardrail end terminals with 4-inch wide feeder chutes, which are the only guardrail end terminals at issue in this action." Doc. No. 13-1, ¶¶ 2, 4, and 5.

---

[1] Defendants did not assert diversity jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453.

## II. STANDARD

In <u>Bank of America v. Pennington-Thurman</u>, No. 4:15-CV-381 RLW, 2015 WL 5518728 (E.D.Mo. Sept. 17, 2015), the Court noted:

> A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. . . . The party seeking removal has the burden to establish federal subject-matter jurisdiction, including the requisite amount in controversy.

<u>Id</u>. at *1 (internal citations omitted).

It is defendant's burden to prove that removal is proper and that all prerequisites are satisfied. <u>See</u> <u>generally</u> <u>Hatridge v. Aetna Cas. & Sur. Co.</u>, 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108-09 (1941); <u>In re Business Men's Assur. Co. of America</u>, 992 F.2d 181, 183 (8th Cir. 1993).

The Eighth Circuit has held that where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." <u>In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.</u>, 346 F.3d 830, 834 (8th Cir. 2003). To satisfy the preponderance of the evidence standard, the party seeking removal must offer "some specific facts or evidence demonstrating that the jurisdictional amount has been met." <u>Hill v. Ford Motor Co.</u>, 324 F.Supp. 2d 1028, 1036 (E.D. Mo. 2004). "[F]or purposes of determining the amount in controversy, the value of declaratory relief is measured by the value of the object of the litigation." <u>Good v. Ameriprise Financial, Inc.</u>, 248 F.R.D. 560, 574 (D. Minn. 2008). Furthermore, when declarations regarding

3

damages serve to clarify rather than amend a petition's allegations, the Court may properly consider post-removal declarations when determining the amount in controversy. Neighbors v. Muha, 05-0472-CV-W-GAF, 2005 WL 2346968, at *3 (W.D. Mo. Sept. 26, 2005).

### III. DISCUSSION

Plaintiff argues that the case should be remanded because the amount in controversy is demonstrably less than $75,000. Plaintiff points to the declarations of Earl Newill (Doc. Nos. 12-1 and 13-1), which indicate that the total cost for removal and replacement of the allegedly defective units was $70,000. Specifically, Mr. Newill declared, under penalty of perjury, that "[i]n this lawsuit, Jackson County does not and shall not seek, nor will it accept, more than the $70,000 it incurred to remove and replace the ET-Plus guardrail end terminals with 4-inch wide feeder chutes, which are the only guardrail end terminals at issue in this action." Doc. No. 13-1, ¶ 5.

In response, defendants argue that (1) the Newill declarations amend the petition's allegations with respect to the damages alleged (as they do not include damages the ET Plus system caused to plaintiff's roadways and guardrails, as well as the declaratory relief sought), and therefore should not be considered; (2) the Newill declarations are inadequate to bind Jackson County, and should not be considered (even though Newill asserts in his Supplemental (Doc. No. 13-1) that he is authorized to make this Declaration on behalf of plaintiff Jackson County); (3) plaintiff's public records, defendants' own investigation and records demonstrate that there are additional ET Plus Systems on plaintiff's roadways, and the removal and replacement of those would easily exceed $75,000 (noting that a private investigator recently hired by defendants found a variety of ET Plus systems with 4-inch channels that had not been removed and

4

replaced); and (4) the value of the declaratory relief sought by plaintiff exceeds the jurisdictional minimum, as plaintiff seeks a declaration that the ET Plus System is defective, that defendants' conduct is unlawful, and that defendants must bear the costs and expenses associated with removing and replacing ET Plus Systems throughout the State of Missouri.

In reply, plaintiff notes that the Court has already found that plaintiff "is <u>bound</u> by [the Supplemental Declaration of Earl Newill], and if it is later determined to be untrue, defendants would have other remedies at that time." <u>See</u> Order, Doc. No. 25, p.1, n.1 (emphasis in original). The Court agrees with plaintiff, moreover, that the declarations of Earl Newill serve to clarify the allegations of the petition, and do not improperly amend the petition. Moreover, the Court finds that the investigation by the private investigator is (1) irrelevant, as the declaration of Earl Newill controls the amount in controversy; and (2) likely factually inaccurate, given that the devices located by the private investigator appear to be on roadways not owned or maintained by plaintiff (<u>see</u> Doc. No. 29-1, Declaration of Earl Newill, ¶¶ 5-13). Finally, plaintiff asserts that the value of the declaratory judgment <u>to plaintiff</u> does not exceed $75,000. <u>See</u> <u>J.C. Corp. Mgt. Inc. v. Resource Bank</u>, 4:05CV00716ERW, 2005 WL 2206086, at *4 (E.D. Mo. Sept. 12, 2005) <u>citing</u> <u>Smith v. Amer. States Preferred Ins. Co.</u>, 249 F.3d 812, 813-14 (8th Cir. 2001) (noting that district courts are to solely consider plaintiff's viewpoint in determining the amount in controversy). Although plaintiff in this case has filed its suit as a putative class action, the Court does not consider the value of the lawsuit to the class as a whole in determining the amount in controversy – instead, where defendants' removal is based not on CAFA but solely on the value of the suit to the named plaintiff, the Court only considers the amount of damages to that named plaintiff and does not aggregate the

5

claims of class members in order to reach the amount in controversy.  See <u>Kessler v. National Enterprises, Inc.</u>, 347 F.3d 1076, 1078 (8th Cir.2003); <u>Crawford v. F. Hoffman–La Roche Ltd</u>., 267 F.3d 760, 765 (8th Cir.2001); <u>Williams v. Wells Fargo Bank, Nat. Ass'n</u>, 9 F. Supp. 3d 1080, 1084 (W.D. Mo. 2014).  Therefore, the Court will not consider the cost in removing and replacing ET Plus Systems throughout the State of Missouri; instead, the relevant value is expressed by the cost to plaintiff for removing and replacing the ET Plus Systems – $70,000.

Therefore, now that plaintiff has clarified the amount of damages it is seeking, the Court finds that defendants have failed to meet their burden to proof to show that the jurisdictional amount has been met.  Accordingly, the Court hereby **GRANTS** plaintiff's Motion to Remand (Doc. No. 11).  Although plaintiff requests an award of costs and expenses related to the removal pursuant to 28 U.S.C. § 1447(c), the Court does not find that defendants lacked an objectively reasonable basis for removal, and therefore declines to award costs and fees to plaintiff.

## IV. CONCLUSION

Therefore, for all the foregoing reasons, plaintiff's Motion to Remand (Doc. No. 11) is **GRANTED**. This case is remanded to the Circuit Court of Jackson County, Missouri.


Date:  February 29, 2016                              **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                                 Fernando J. Gaitan, Jr.
                                                      United States District Judge